**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**GENE J. FRISCH,**

      Plaintiff,

      v.                                                                                                        **Case No. 14-C-0623**

**THE CBE GROUP, INC.,**

      Defendant.

## DECISION AND ORDER

Pursuant to 47 U.S.C. § 227(b)(3)(B), the Plaintiff, Gene J. Frisch ("Frisch"), filed a complaint against the Defendant, The CBE Group, Inc. ("CBE Group"), alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.* Frisch also filed a petition and affidavit for leave to proceed *in forma pauperis* ("IFP") in this action. (ECF No. 2.)

In order to authorize a litigant to proceed IFP, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and, second, whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, seeks monetary relief against a defendant who is immune from such relief, or if the allegation of poverty is untrue. 28 U.S.C. §§ 1915 (a)(1) & (e)(2).

Frisch avers that he is presently employed, is not married, and has no legal dependents. He owns a 1997 Chrysler Minivan that he values at $950 and a Honda

Motorcycle that he values at $1,250. He also owns a residence that he values at $51,000. However, he does not own any stocks, bonds, notes, or other valuable property (excluding clothing and ordinary household items). He has $56 in cash or in some type of account.

According to Frisch's affidavit, his total monthly income is $610. His monthly expenses total $535, with expenditures of $100 for groceries, $200 for utilities, $60 for cell phone and internet services, $25 for gasoline, and $150 for property taxes. Frisch is left with about $75 to spare each month.

Based on the information provided, the Court concludes that, although it is a close question, Frisch has satisfied the requirements of 28 U.S.C. § 1915(a) by demonstrating that he is unable to pay the entire $350 filing fee for this action. Furthermore, Frisch's Complaint states an arguable claim for relief that does not appear to be frivolous or malicious.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Frisch's petition for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

The United States Marshal is directed to serve a copy of the Complaint and this order upon the Defendant pursuant to Federal Rule of Civil Procedure 4. Frisch is

advised that Congress requires the United States Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the United States Marshals Service precisely because IFP plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Frisch is **NOTIFIED** that from now on, he is required, under Federal Rules of Civil Procedure Rule 5(a), to send a copy of every paper or document filed with the Court to the opposing parties or if the opposing party is represented by counsel to counsel for that party. See Fed. R. Civ. P. 5(b). If Frisch does not have access to a photocopy machine, she may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is advised that he must keep a copy of every paper he files with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 24th day of June , 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**